UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LIFE CARE ST. JOHNS, INC., | ) | Case No.: 3:16-bk-1347 |
| a Florida not-for-profit corporation, | | |
| doing business as GLENMOOR,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |

<u>DEBTOR'S APPLICATION TO EMPLOY EDDIE
WILLIAMS, III AS REGULATORY COMPLIANCE COUNSEL AND
NON-LAWYER BETH A. VECCHIOLI AS REGULATORY LIAISON OF
HOLLAND & KNIGHT LLP *NUNC PRO TUNC* TO THE PETITION DATE</u>

Debtor, Life Care St. Johns, Inc., a Florida not-for-profit corporation, doing business as Glenmoor ("Glenmoor" or the "Debtor"), makes this application for an order, pursuant to 11 U.S.C. § 327(a), authorizing the retention of Eddie Williams III as special regulatory compliance counsel and non-lawyer Beth A. Vecchioli as regulatory liaison both of Holland & Knight, LLP ("Holland & Knight") *nunc pro tunc* to the Petition Date, and in support of the application states:

<u>Background</u>

1.  On April 11, 2016, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court (the "Petition Date"). Debtor is

---

[1] The Federal Employer Identification Number of the Debtor is 59-3474627. The principal address of the Debtor is 235 Towerview Drive, St. Augustine, Florida 32092.

continuing to operate its business and manage its property as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

1.  Glenmoor is a not-for-profit organization that owns and operates a continuing care retirement community ("CCRC") in St. Johns County, Florida. The company received its certificate of occupancy in 1999 and began operations in October of 2001.

2.  As a CCRC, Glenmoor provides "lifecare services" to its residents, each of whom reside in a Residential Unit. The "lifecare" concept recognizes that the healthcare and residency needs of elderly residents vary along a continuum beginning with independent living and in many cases ending with a need for full-time nursing care. The Glenmoor community thus includes independent residential units, an assisted living center, and a healthcare center for residents requiring round the clock nursing care.

3.  The Glenmoor community thus includes independent residential units, an assisted living center, and a healthcare center for residents requiring round the clock nursing care. Glenmoor is home to approximately 240 residents (the "Current Residents"). Its facility consists of (a) 157 residential units including 70 apartment homes, 11 one-bedroom cottages, 32 patio homes and 31 estate homes, (b) an Assisted Living Center with 36 assisted living suites, and (c) a Health Center containing 30 nursing beds.

### Regulatory Compliance

2.  As a CCRC, Glenmoor is regulated by the State of Florida Department of Financial Services, Office of Insurance Regulation (the "OIR") under the provisions of Chapter 651, Florida Statutes, as amended ("Chapter 651"). Chapter 651 establishes a

number of operating parameters designed for the benefit or protection of CCRC residents. As a health care provider, Glenmoor is also subject to numerous statutes and regulations regarding the treatment of the residents. To ensure compliance with applicable regulations, that are both complex and voluminous, the Debtor requires legal counsel specializing in health care and health care related issues.

3. Additionally, the Debtor has sought to maintain open communications with the OIR, which has expressed concerns over Glenmoor's status as a Chapter 11 Debtor. Maximizing operational value within the regulatory structure of Chapter 651, and thus ensuring the protection of residents, is of paramount importance in this Chapter 11 case. Given the OIR's stated concerns, as well as the OIR's apparent lack of familiarity with Federal Bankruptcy law and the Chapter 11 process, the Debtor believes that the retention of a regulatory liaison will assist with communications with the OIR and avoid protracted contested matters or regulatory disputes and the attendant costs thereof. Holland & Knight's expertise, experience and past representation of the Debtor, make it uniquely qualified to provide these services.

**Relief Requested**

4. Section 327 of the Bankruptcy Code provides, in relevant part, that:

> [T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

> \* \* \*

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the

3

trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. §§ 327 (a), (e).

5. Section 328(a) of the Bankruptcy Code provides, in relevant part, that the Debtor:

[M]ay employ or authorize the employment of a professional person under section 327 . . ., on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11 U.S.C. § 328(a)

6. By this application, the Debtor desires to employ Holland & Knight pursuant to Bankruptcy Code § 327 and Bankruptcy Rules 2014 and 2016. Prior to the Petition Date, Holland & Knight represented Glenmoor with respect to health care and CCRC regulatory compliance issues on both the State and Federal level, including but not limited to the provisions of Chapter 651. Holland & Knight was also invloved in extensive prepetition negotiations with the OIR and is knowledgable regarding the Debtor's operations and restructuring goals.

7. Furthermore, Holland & Knight served as Debtor's regulatory counsel in that initial Chapter 11 case filed by Debtor, which case was styled *In re Life Care St. Johns, doing business as Glenmoor*; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 3:13-bk-4158-JAF (the "Initial Chapter 11 Case"). Holland & Knight's employment in the Initial Chapter 11 Case was approved by order of this Court on August 30, 2013.

8. When analyzing the retention of special counsel under § 327(e), "the court should consider all relevant facts surrounding the debtor's case, including the nature of the debtor's business, all foreseeable employment of special counsel, the history and relationship between the debtor and the proposed special counsel, the expense of replacement counsel, potential conflicts of interest and the role of general counsel." *See Woodworkers Warehouse*, 323 B.R. 403, 406 (D. Del. 2005) (citing *In re First Am. Health Care of Georgia, Inc.*, 1996 WL 33404562, at *3 (Bankr. S.D. Ga. Apr. 18, 1996)). In general, however, subject to the requirements of §§ 327 and 1107 of the Bankruptcy Code, a debtor in possession is entitled to counsel of their choosing. *See e.g.*, *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) ("Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

9. The Debtor submits that Holland & Knight is well qualified to provide the legal guidance and regulatory expertise needed to navigate the complex regulatory framework in which Glenmoor operates. Employment of Holland & Knight is necessary, appropriate and in the best interets of the Debtor, its estate, Glenmoor's residents and other creditors and parties-in-interest and should therefore be approved.

### Holland & Knight's Qualifications

10. The professionals primary responsible for assisting the Debtor with regulatory compliance and coordination will be Eddie Williams III, Esq., and Beth Vecchioli. Mr. Williams practices in the areas of healthcare regulation and state and local tax. He is experienced in assisting and advising clients with state and federal healthcare regulatory issues including compliance, HIPAA and data privacy, including

specifically aassisting long term care clients with licensure, regulatory advice and counsel regarding healthcare regulation.

11. Ms. Vecchioli is a senior policy advisor for Holland & Knight. She concentrates in insurance regulation, lobbying and financial service matters. Ms. Vecchioli previously worked as a senior level manager and regulator at the OIR for more than 10 years, and was directly involved in prepetition negotiations with the OIR. She has extensive experience in the regulation of all types of insurance, reinsurance and specialty insurance products, and assists companies in obtaining licensure in Florida and resolving regulatory issues. Ms. Vecchioli also helps clients resolve regulatory disputes pertaining to investigations, disciplinary actions, examinations and accounting disputes.

### Services to be Provided and Compentsation

12. The professional services to be rendered by Holland & Knight will be limited to regulatory compliance issues and related communications with the OIR, including obtaining OIR approval of new Residence and Care Contracts.

13. Such services will not be duplicative of the professional services provided by Thames Markey & Heekin, P.A. as bankruptcy counsel to the Debtor, although some matters will arise requiring the participation of professionals from both Holland & Knight and Thames Markey & Heekin, P.A.

14. In connection with this representation, the Debtor, subject to the provisions of the Bankruptcy Code and Bankruptcy Rules, has agreed to pay Holland & Knight its ordinary hourly rates, which are periodically adjusted. Holland & Knight's rates currently range from $200.00 per hour to $400.00 per hour for paraprofessionals, and from $285.00 per hour to $515.00 per hour for the services of legal counsel. These

ranges are based on the current rates for its Tallahassee, Florida office. Ms. Vecchioli's current hourly rate is $395.00, and Mr. Williams' current hourly rate is $485.00. The Debtor has also agreed to reimburse Holland & Knight for expenses and advances made on Glenmoor's behalf.

### No Adverse Interets

15.     Except as otherwise stated herein, to the best of the Debtor's knowledge, Holland & Knight has no connection with the creditors or any other party in interest or their respective attorneys, except as may be stated in the affidavit of Eddie Williams III, a member of the firm, which is attached hereto as **Exhibit A.**

16.     Holland & Knight represents no interest materially adverse to the Debtor or to its estate in the matters upon which Holland & Knight is to be engaged. Neither Holland & Knight nor its partners, associates, and paraprofessionals have any connections with the Debtor, its creditors, any other parties-in-interest, its current respective attorneys and accountants, the United States Trustee for this district or any person employed in the Office of the United States Trustee for this district, except that: (a) Holland & Knights' partners, associates, and paraprofessionals may serve as a professional person in other matters, wholly unrelated to the Debtor or its case, in which attorneys, accountants and other professional persons retained by the Debtor, creditors or other parties in interest have also been engaged, and (b) certain creditors of the Debtor may also have been creditors of other companies represented by Holland & Knight in matters wholly unrelated to the Debtor or its case.

WHEREFORE, the Debtor respectfully requests the entry of an order (i) authorizing retention and employment of Holland & Knight as regulatory compliance counsel and regulatory liaison for the Debtor *nunc pro tunc* to the Petition Date, and (ii) granting such further relief as is deemed appropriate.

                                    **THAMES MARKEY & HEEKIN, P.A.**

                                    */s/ Richard R. Thames*
                              By _____
                                    Richard R. Thames
                                    Bradley R. Markey

                              Florida Bar Number 0718459
                              Florida Bar Number 0984213
                              50 North Laura Street, Suite 1600
                              Jacksonville, Florida  32202
                              (904) 358-4000
                              (904) 358-4001 (Facsimile)
                              rrt@tmhlaw.net
                              brm@tmhlaw.net

                              Proposed Attorneys for Life Care St. Johns, Inc., a Florida not-for-profit corporation, doing business as Glenmoor

51.2

# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | |
|---|---|
| In re ) | |
| ) | |
| LIFE CARE ST. JOHNS, INC., ) | Case No.: |
| a Florida not-for-profit corporation, | |
| doing business as GLENMOOR,[1] ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |

**AFFIDAVIT OF EDDIE WILLIAMS, III IN SUPPORT OF
DEBTOR'S APPLICATION TO EMPLOY EDDIE WILLIAMS III AS
REGULATORY COMPLIANCE COUNSEL AND NON-LAWYER BETH A.
VECCHIOLI AS REGULATORY LIAISON OF HOLLAND & KNIGHT, LLP**

STATE OF FLORIDA )

COUNTY OF LEON )

I, Eddie Williams, III, state under oath:

1. I am an attorney duly admitted to practice in the State of Florida.

2. I am a member of the law firm of Holland & Knight, LLP ("Holland & Knight"), and maintain an office at 315 South Calhoun Street, Suite 600, Tallahassee, Florida 32301.

3. To the best of my knowledge, information and belief, Holland & Knight represents no interest materially adverse to the Debtor or to its estate in the matters upon which Holland & Knight is to be engaged.

---

[1] The Federal Employer Identification Number of the Debtor is 59-3474627. The principal address of the Debtor is 235 Towerview Drive, St. Augustine, Florida 32092.

4.      To the best of my knowledge, neither Holland & Knight nor its partners, associates, and paraprofessionals have any connections with the Debtor, its creditors, any other parties-in-interest, its current respective attorneys and accountants, the United States Trustee for this district or any person employed in the Office of the United States Trustee for this district, except that: (a) Holland & Knights' partners, associates, and paraprofessionals may serve as a professional person in other matters, wholly unrelated to the Debtor or its case, in which attorneys, accountants and other professional persons retained by the Debtor, creditors or other parties in interest have also been engaged, and (b) certain creditors of the Debtor may also have been creditors of other companies represented by Holland & Knight in matters wholly unrelated to the Debtor or its case.

5.      As part of its regular course of business, Holland & Knight appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial advisors and investment bankers, including other professionals representing the Debtor, its creditors and other parties in interest in this Chapter 11 case. All of the other cases, proceedings and transactions in which Holland & Knight is involved and professionals representing parties in this case are also involved are wholly unrelated to the Debtor and this Chapter 11 case.

6.      Holland & Knight may in the past have represented, may currently represent, and may in the future represent other entities not currently known to Holland & Knight who may be creditors of the Debtor in matters wholly unrelated to the Chapter 11 case of the Debtor.

7.      Insofar as I have been able to ascertain, Holland & Knight does not represent any interest adverse to the Debtor in the matters upon which Holland & Knight

is to be engaged, and is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

8. Holland & Knight is being employed by the Debtor for the purpose of assisting the Debtor with regulatory compliance issues and related communications with the State of Florida Department of Financial Services, Office of Insurance Regulation.

9. Holland & Knight's rates currently range from $200.00 per hour to $400.00 per hour for paraprofessionals, and from $285.00 per hour to $515.00 per hour for the services of legal counsel. These ranges are based on the current rates for our Tallahassee, Florida office. Beth Vecchioli's current hourly rate is $395.00, and my current hourly rate is $485.00. Our billing rates are periodically adjusted.

10. Holland & Knight has not shared, nor agreed to share (a) any compensation it has received or may receive with any third person, or (b) any compensation another person or party has received or may receive.

11. I have agreed on behalf of my firm to accept employment on the terms and conditions set forth in this application. I am aware that, under § 328(a) of the Bankruptcy Code, the debtor in possession, with the Court's approval, may employ or authorize the employment of a professional person on any reasonable terms and conditions. I am also aware, however, that not withstanding such terms and conditions, the Court may allow compensation different from the compensation provided under such terms and conditions of such employment.

12. Employment of Holland & Knight as regulatory compliance counsel and regulatory liaison for the Debtor is approriate under 11 U.S.C. § 327 and Rules 2014 and 2016, Federal Rules of Bankruptcy Procedure.

3

13. As required by Rule 2014, Federal Rules of Bankruptcy Procedure, and 28 U.S.C. § 1746, I declare under penalty of perjury that the statements made herein are true and correct.

FURTHER AFFIANT SAYETH NOT.

Dated: April 7, 2016.

_____
Eddie Williams, III

## ACKNOWLEDGMENT

STATE OF FLORIDA     )

COUNTY OF LEON       )

The foregoing instrument was acknowledged before me this 7th day of April 2016, by Eddie Williams, III, ☑ who is personally known to me or ☐ who has produced _____ as identification.

_____
Notary Public, State of Florida
Name: Emily S. Veasey
My Commission Expires: May 17, 2016
My Commission Number is: EE 199957

53

5